### THE POWERS OF COUNTY JUDGES.

*County judges of the degree of counsellor at law,* authorised to perform the duties of a justice of the supreme court at chambers.

The following opinion in relation to *the powers of county judges,* under the new judiciary act, was delivered by Mr. Justice WILLARD, of the 4th Judicial District, August 13, 1847.

#### AMELIUS WOODRUFF ads. THE PEOPLE.

The Defendant was committed to the custody of the sheriff of Washington county, by virtue of a warrant of commitment issued by a justice of the peace of that county, on the 28th of July last, on the charge of uttering as true a counterfeit two dollar bill, purporting to be issued by the Bank of Burlington. An application was made to Willard, Justice, at his office in Saratoga Springs, for an allowance of a writ of habeas corpus, with a view to letting the prisoner to bail. It being more convenient that the prisoner should be brought before an officer in the county

of Washington, where he was imprisoned, and it having been suggested that the county judge of Washington county had doubts as to his power under the late judiciary act, to perform the duties of a justice of the supreme court at chambers, in any case; Judge Willard, before making the habeas corpus returnable before the county judge, held the case under advisement a few days, and ultimately delivered the following opinion.

C. L. ALLEN, *for the motion.*

WILLARD, Justice.—A question has been raised whether a county judge of the degree of counsellor at law in the supreme court, can by virtue of the judiciary act of May 12, 1847, or otherwise, execute, at chambers, the power and duties which before the new constitution were executed, at chambers, by county judges of the degree of counsellor at law in the supreme court.

It is not pretended by any one, that the judiciary act, *in terms*, confers the power in question; but it is confidently believed that it is granted by necessary implication.

The solution of the question involves an inquiry as to what portion of the Revised Statutes has been abrogated, and what portion has been suffered to remain; or has been expressly, or by inference, or implication, adopted by the late judiciary act.

It is contended by those who deny the existence of the power in question, that as the office of supreme court commissioner is abolished by the 8th section of article 14 of the new constitution, it cannot be presumed that the legislature intended to confer the same power upon another class of officers. This argument, if it proves any thing, proves too much. The same section that abolishes the office of supreme court commissioner, abolishes also that of chancellor, justice of the then existing supreme court, circuit judge, vice-chancellor, assistant vice-chancellor, judges of the county courts, and masters and examiners in chancery. No one, however, doubts that the powers and jurisdiction of the courts and officers thus abolished, are vested in the new tribunals which have been established. To retain the jurisdiction of a supreme court commissioner, it was not necessary to retain the office by that name, since the duties of it had long been devolved on another class of officers, equally well known to the law, and in whose place a substitute was adopted by the new constitution, with analogous powers and duties.

It becomes necessary to compare the various provisions in the judiciary act with the Revised Statutes.

In the 3d section, of title 1, chap. 5, of part 1, of the Revised Stat-

utes, (vol. 1, R. S., 97, 3d ed.,) it is enacted that commissioners to per-form the duties of a justice of the supreme court at chambers, to be de-nominated supreme court commissioners shall be appointed by the go-vernor and senate; and subsequent statutes collected in the said section of the 3d edition show in what counties they were to reside. They were not created by the constitution, but were long known in our prac-tice, and upon them has devolved for more than a quarter of a century, the great mass of duties which otherwise must have been discharged by the justices themselves, at their chambers. In the third chapter of the third part of the Revised Statutes, (2 R. S., 378, 3d ed.,) it is there enacted: § 20. "Supreme court commissioners duly appointed accord-ing to law, shall be severally authorized and required to perform all the duties, and to execute every act, power, and trust, which a justice of the supreme court may perform, and execute out of court according to the rules and practice of such court, and pursuant to the provisions of any statute in all civil cases, except as herein otherwise provided." Other statutes confer upon them criminal jurisdiction, (title 1, chap. 2, part 4, and title 4, chap. 2, part 4, § 57.) By the 35th section of title 2, chap. 3, of part 3, (2 R. S. 380,) it is enacted that "Every recorder of a city, and every judge of the county courts of any county, being of the degree of counsellor in the supreme court, shall be by virtue of their respective offices, supreme court commissioners, and shall be au-thorized and required to perform all the duties of that office."

Supreme court commissioners, whether holding by direct appoint-ment, or being such merely *ex officiis*, have always been deemed officers of the supreme court. They are so treated in the books of practice, and in the statutes. (1 Gr. Pr., 51 to 64, 3d ed.)

The 3d chapter of part 3 of the Revised Statutes, contains the gene-ral provisions concerning courts of justice, and the powers and duties of certain judicial officers. It prescribes the power and duties of the judges of the supreme court, and other courts of record, as well in court as out of court; it designates the class of public officers, on whom it devolves the duties of the office of supreme court commissioner, to wit: recorders of cities, and county judges of the degree of counsellor, and describes the duties of such officers; and, in short, it contains the course of proceedure in our courts of record, and before the officers thereof out of court. The decision of the matter, now in dispute, turns mainly on the question as to how much of that chapter has been adopted by the late judiciary act, and is now in force.

The 16th section of the judiciary act is in these words: "§ 16. The

supreme court organized by this act, shall possess the same powers, and exercise the same jurisdiction as is now possessed and exercised by the present supreme court and court of chancery, and the justices of said court shall possess and exercise the jurisdiction now possessed and exercised by the justices of the present supreme court, chancellor, vice-chancellor, and circuit judges, so far as the powers and jurisdiction of said courts and officers shall be consistent with the constitution and provisions of this act." The section thus far admits of no doubt, if we understand the terms, "justice," &c., as used distributively. The meaning is, that any one justice of the present supreme court possesses the same power in or out of court, in relation to matters of law, that was possessed by any of the justices of the late supreme court under the same circumstances; and any justice possesses the same power in relation to matters of equity, that the chancellor or a vice-chancellor possessed under the like circumstances. Hence if a justice of the late supreme court could make an order at chambers, to hold to bail, or tax a bill of costs, or grant an order to stay proceedings, the same service may be performed under the like circumstances by any justice of the present supreme court. The section then proceeds: "and all laws relating to the present supreme court and court of chancery, or any court held by any vice-chancellor, and the jurisdiction, powers, and duties of said court, the proceedings therein, *and the officers thereof, their powers and duties*, shall be applicable to the supreme court organized by this act, and the powers and duties thereof, the proceedings therein and the officers thereof, their powers and duties, so far as the same can be applied, and are consistent with the constitution and the provisions of this act." Hence it follows that all that part of chapter 3d of the 3d part of the Revised Statutes, relating to the jurisdiction and powers of the late supreme court, the officers thereof, embracing county judges of the degree of counsellor, their powers and duties, are made applicable to the corresponding officers under the new system. It does not revive the office of supreme court commissioner, because to do so would not be consistent with the constitution. But it puts the new system in motion with the same machinery that existed before, with the exception named. Such obviously was the intention of the framers of this bill.

If we look further into the judiciary act, we shall find that those sections which relate to the county courts, harmonize with the same hypothesis. The 29th section of the judiciary act confers upon the county courts organized under the new constitution, the power and jurisdiction to hear, try, and determine all matters and proceedings specially conferred by sta tute upon, and heretofore triable and cognizable by courts of common

pleas of the several counties; and it further enacts, that "county judges in their respective counties shall have power to perform all the duties, and do all other acts now required to be done and performed by the judges of the county courts, not holding county courts, or any one or more of them at chambers or otherwise, so far as those acts and duties are consistent with the constitution and the provisions of this act." The section probably relates to chamber duties of the county judge in his own court, and it places him in that respect upon the same footing that the first judge of the court of common pleas occupied under the late constitution. The 36th section goes further: it gives to the county courts the same powers in proceedings, either at law or in equity, of which they may take cognizance, as were possessed by the court of common pleas of the same county, or the court of chancery, so far as shall be consistent with the constitution and the provisions of the judiciary act. And it proceeds thus: "and all laws relating to the present court of common pleas and courts of chancery, the jurisdiction, powers and duties of said courts, the proceedings therein, and the officers thereof, and their powers and duties, shall be applicable to the county courts of the respective counties, the proceedings therein, and the officers thereof, their powers and duties, so far as the same can be applied, and are consistent with the provisions of this act."

It has been seen that chapter 3d of the 3d part of the Revised Statutes, at the 35th section, (2 R. S., 380, 3d ed.,) confers upon the judges of the court of common pleas of the degree of counsellor, the office of supreme court commissioner, and authorizes and requires them to perform its duties; and also that it is a statute relating among other things to the courts of common pleas, and the respective judges thereof; hence, by virtue of the 36th section of the judiciary act, it is made applicable to the county courts of their respective counties under the new constitution, their powers and duties, the proceedings therein, and the officers thereof, and their powers and duties. Therefore it follows, that since the Revised Statutes clothe the judges of the court of common pleas of the degree of counsellor, with the power to perform certain duties of a justice of the supreme court at chambers, the 36th section of the judiciary act vests the county judges under the new constitution of the degree of counsellor, with the same powers. It is in effect the same thing as if the 35th section of article 2, title 2, chap. 3, part 3, R. S., (2 R. S., 380, 3d ed.,) had been repeated in the 36th section of the judiciary act. Had that section been enacted in terms as a part of the 36th section, no one could have doubted that the present county judges, who are of the degree of counsellor, possessed the same power in respect to the chamber duties of a justice of the supreme

court that was enjoyed by the county judges under the late constitution. The only difficulty arises from the length of the statute, the number and variety of its provisions, and the complexity of the case. It becomes plain enough when it is considered in parts. I do not doubt that the judiciary act confers upon the respective county judges of the degree of counsellor, the same power to perform the chamber duties of a justice of the supreme court, that was possessed by county judges of the degree of counsellor, under the late constitution.

I have purposely passed by certain objectious to any construction of the act until this time, in order not to interrupt the chain of argument. It is said that the judiciary act, by the 11th section, authorizes a county judge, *by name*, to allow a writ of error to the court of appeals, and by the 34th section, authorizes him *by name* to allow an injunction, and in the 76th section, authorizes him *by name* to complete certain proceedings, which on the fifth July, 1847, might be pending before certain judges and commissioners, and which might be transferred to them; and the maxim *expressio unius, exclusio alterius*, is urged as affording evidence, that the general powers and duties of a supreme court commissioner were not intended to be conferred. The maxim is not applicable to this case. For if the judiciary act had, in so many words, clothed county judges with the power formerly possessed by supreme court commissioners, they could not without some further provision have exercised the authority conferred by the 11th, 34th, and 76th sections. Indeed the justices of this court are coupled with the county judges in those sections, and doubtless would not have possessed the power therein conferred, without a special delegation of it. The duties therein enjoined, do not belong to the ordinary chamber duties of a justice of the supreme court.

Great stress has also been laid upon the fact that county judges, under the late constitution, were only *ex officiis* supreme court commissioners; and therefore the abolishing the office of supreme court commissioner annihilated the *ex officio* power. There is nothing in this objection. The statute enacts that "county judges of the degree of counsellor, shall by virtue of their offices, be supreme court commissioners; and shall be authorized," &c. The office itself is devolved on them, and had the legislature immediately after repealed the law, authorising the governor, with the advice and consent of the senate, to appoint supreme court commissioners, as provided for in the Revised Statutes, the power would still have remained in the county judges of the degree of counsellor. There is a substantive delegation of power to the county judge of the degree of counsellor, and not the mere annexation of a tempo-

rary duty relating to another office, which might be defeated by the destruction of the latter office.

I have thus reasoned the case upon the language of the statute, and the obvious intent of the legislature, and I think it is apparent that it was intended that the county judge of the degree of counsellor should occupy about the same relation to the supreme court and the justices thereof, that county judges occupied before the new constitution.

This question was in fact settled by the supreme court, at the meeting in July. The committee on the law rules reported an amendment to the old 12th rule, by striking out the words " circuit judge and supreme court commissioner," thus leaving bail to justify before a justice of this court only—a motion was made to insert " county judge" after " a justice of the supreme court," and it failed, the court being equally divided, and standing 11 to 11. The rule was then modified, so as to allow bail to justify before a justice of this court at chambers, *or other officer authorised to do the duties of a justice of this court at chambers.* This waived a decision of the question, whether a county judge had by law the power to perform the chamber duties of a justice of this court. At a subsequent day, Willard, Justice, moved that those words be stricken out, and the words " county judge of the degree of counsellor at law in this court," be inserted in their place. This motion was carried without a division, and by a strong vote, and the rule thus amended, was adopted as our 11th rule. This was a direct adjudication upon the very question.

The construction insisted on, is strongly fortified by other statutes passed at the same time of the judiciary act. The 8th and 9th sections of chapter 277, page 313, would be nearly useless, if county judges cannot perform the duties which formerly pertained to supreme court commissioners. The legislature clearly intended to reimburse the counties, the salaries given to the county judge by the perquisites of his office, which he is required to receive and account for, or to charge and certify to the county treasurer. It is believed that a similar view was entertained in the convention. The office of supreme court commissioner, as a distinct office, had been unduly multiplied. By abolishing that office, and transferring its duties to the county judge, it was supposed that adequate means would be provided for paying to that officer a respectable salary. The supervisors regulated the compensation upon the supposed amount of service to be performed, and perquisites to be earned. But on the construction contended for, the office of county judge will be but little more than a sinecure.

In conclusion, I will repeat that a county judge of the degree of coun-

sellor has long been recognized by statute as *an officer of the supreme court*, with power to do certain duties of a justice of that court at chambers. The new constitution creates a new supreme court and county court, in lieu of the former, which are abolished. The judiciary act, in organizing the new courts, adopts all the laws then in force, relating to both the former courts, *the officers thereof, and their powers and duties*, and applies them expressly to the new courts, *the officers thereof, and their powers and duties.* It follows by necessary inference, that a county judge of the degree of counsellor, is still an officer of the supreme court, with power to discharge the chamber duties of a justice of the latter court, as under the old constitution.

I shall accordingly allow the habeas corpus in this case, returnable before the county judge of Washington county.